**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
_____X
                                 :
In re:                           :
     Richard H. Friedberg,       :    Ch. 7
           Debtor                :    Case No. 08-51245 (AHWS)
                                 :
_____X
                                 :
Melissa Zelen Neier, Ch. 7 Trustee,
           Plaintiff             :
                                 :
     -v-                         :    Adv. Pro. No. 11-5004
                                 :
Richard H. Friedberg,            :
           Defendant             :
_____X
```

*Appearances*:

| | |
|---|---|
| Melissa Zelen Neier, Esq. | Ch. 7 Trustee |
| Carol J. Faherty, Esq. | For the Ch. 7 Trustee |
| Ivey Barnum & O'Mara, LLC | |
| 170 Mason St., P.O. Box 1689 | |
| Greenwich, CT | |
| | |
| Peter L. Ressler, Esq. | For the Debtor[1] |
| Groob Ressler & Mulqueen | |
| 123 York St., Ste. 1B | |
| New Haven, CT | |

**MEMORANDUM OF DECISION AND ORDER
ON TRUSTEE'S MOTION FOR DEFAULT JUDGMENT**

---

[1] Attorney Peter L. Ressler is one of Friedberg's two attorneys in this case ("Main Case"). Friedberg's other attorney, but not in this adversary proceeding, is Ronald I. Chorches, Esq.

As more fully discussed, *infra* at 3-4, Attorney Ressler's role in this adversary proceeding has been limited.

### I. Introduction

The chapter 7 trustee ("Trustee") seeks a default judgment, pursuant to Federal Rule of Bankruptcy Procedure 7055(b)(2), which if granted would deny Friedberg a discharge. S*ee* 11 U.S.C. § 727. (*See* ECF No. 133, "Default Judgment Motion".) Friedberg, *pro se*, objects. (*See* ECF No. 141.) For the reasons that follow, the Trustee's motion is granted.

### II. Background

The Court has provided detailed background of Friedberg's case in prior decisions. *See, e.g., In re Friedberg*, Case No. 08-51245, 2012 WL 966940, slip op. (Bankr. D. Conn. Mar. 21, 2012) (sustaining the Trustee's objection to the proof of claim of alleged creditors Pradella and Olich); *In re Friedberg*, 502 B.R. 8 (Bankr. D. Conn. 2013) (approving the Trustee's Rule 9019 compromise over the objections of Friedberg, and Pradella and Olich). Familiarity with those decisions is assumed. The Court provides the following background as context to this decision.

On December 18, 2008, Friedberg filed a chapter 11 petition. On April 30, 2010, the Court approved the appointment of Attorney Mellissa Z. Neier to serve as the chapter 11 trustee, based on Friedberg's co-mingling of funds between limited liability companies ("LLCs") of which he was the sole member. (*See* Main Case, ECF No. 75.) Friedberg did not object to that appointment. (*See* Main Case, Apr. 27, 2010 Docket Entry notation ("No objection to the entry of an order appointing a chapter 11 trustee.").) On June 23, 2010, this case was converted to chapter 7 ("First Conversion Order"). (*See* Main Case, ECF No. 446.) Friedberg appealed, claiming that he was denied a

right to be heard. Significantly, he neither sought nor received a stay pending appeal.

On September 7, 2011, the District Court vacated and remanded the First Conversion Order, directing this Court to determine whether Friedberg, as a chapter 11 debtor, had a right to be heard. *See* 11 U.S.C. § 1109(b). *See also Friedberg v. Neier (In re Friedberg)*, No. 3:10-cv-1239 (AWT), Order at 3-4 (D. Conn. Sept. 7, 2011) ("Remand Order"). On April 26, 2012, after a hearing in which Friedberg appeared and participated, the Court entered a second order converting the case to chapter 7 ("Second Conversion Order"). (*See* Main Case, ECF No. 1058.) Friedberg appealed, and the Order was affirmed. *See Friedberg v. Neier, Trustee (In re Friedberg)*, Case No. 3:12-cv-940 (JCH), 2013 WL 869937 (D. Conn. Mar. 5, 2013).

On January 10, 2011, during the pendency of the appeal of the First Conversion Order, the Trustee commenced this adversary proceeding ("Discharge Action") based primarily on Friedberg's failure to provide requested books and records pertaining to him individually and to his various LLCs,[2] and his failure to disclose bank accounts in which he had an interest. *See* 11 U.S.C. § 727(a)(2), (3), and (4); *see also* Complaint at ¶¶24-31 (ECF No. 1). On February 9, 2011, Friedberg, *pro se*, filed an answer denying the Trustee's allegations. (*See* Answer, ECF No. 8.)

Attorney Ressler, as Friedberg's attorney in the Main Case, stated on several occasions in open court that he was only authorized to appear in this Discharge Action for the purpose of prosecuting Friedberg's various motions for continuances. The single exception was that Attorney Ressler also represented Friedberg on November

---

[2] The Trustee named 17 LLCs, all of which Friedberg is alleged to be the 100% owner. (*See* Complaint at ¶10.)

20, 2013, during the trial on instant Default Judgment Motion.

Because Friedberg failed to comply with her discovery requests for economic data so she could perform her statutory duties, *see* 11 U.S.C. § 704(a)(4),[3] the Trustee sought and obtained three continuances of the trial of her Discharge Action (*see* ECF Nos. 9, 32, 72). A Third Amended Pretrial Order, dated September 18, 2012, re-scheduled the Discharge Action for January 16, 2013. (*See* ECF No. 89.) Under that order, the discovery bar date was November 9, 2012. (*See id.* at ¶1.) Notably, one week after that Order, *i.e.*, September 25, 2012, Friedberg moved to Florida. Since that date, Friedberg has resided in that state, and, as noted *infra*, has not attended any hearings in this Court.

On January 2, 2013, Friedberg filed his first motion for a continuance of the trial (*see* ECF No. 93) asserting, among other reasons, that he needed time to save money to travel to Connecticut. He sought an open-ended continuance until he could save enough money to travel to Connecticut to conduct discovery and then, at a later unspecified date, attend the trial. (*See id.*) While she objected to an open-ended

---

[3] On March 15, 2012, pursuant to Bankruptcy Rule 7037, the Trustee filed a motion to compel production and to preclude Friedberg from offering certain evidence ("Motion to Compel"). (*See* ECF No. 42.) Specifically, the Trustee sought an order compelling Friedberg to respond to outstanding discovery requests and, due to his failure to produce books, records and other information as statutorily mandated, precluding him from offering exculpatory evidence at trial (*See id.*) The Trustee's discovery requests were a continuing effort to obtain not only Friedberg's personal financial information, but also that of his various 100%-owned LLCs. On March 29, 2012, Friedberg filed an objection to the Motion to Compel, styled as an "Answer", asserting he was cooperative with the Trustee. (*See* ECF No. 47.) At the April 3, 2012 hearing on the Motion to Compel, Friedberg was directed to attend an April 25, 2012 deposition to be conducted in the courthouse. (*See* Apr. 3, 2012 Docket Entry.) He attended that deposition, but did not bring any of the subpoenaed documents. (*See* ECF No. 110 at 3, ¶7; *see also* Apr. 25, 2012 Dep. Tr. 6:3-15, ECF No. 110-4 at 7.)

continuance, the Trustee agreed to a 90-day extension of the trial date. (*See* ECF No. 97; *see also* Nov. 6, 2013 Hr'g Tr. 8:9-19 (ECF No. 181).) The parties were directed to attempt to agree on a proposed amended pretrial order. No such proposed pretrial order followed, which prompted the Court on March 20, 2013, to enter a Fourth Amended Pretrial Order re-scheduling the trial for June 19, 2013. (*See* Nov. 6, 2013 Hr'g Tr. 8:13-19; *see also* Fourth Amended Pretrial Order, ECF No. 102; ECF No. 110 at ¶¶2-3.)

On June 6, 2013, Friedberg filed a second motion which requested essentially the same relief sought in his first motion, *i.e.*, a continuance of 180 days or until such time when he could save sufficient funds to travel to Connecticut to conduct discovery and then return for the trial. (*See* ECF No. 104 at 3-4.) The Trustee objected on June 14, 2013, arguing, *inter alia*, that the discovery bar date had long passed. (*See* ECF No. 107.) Concurrently, she filed a preemptive motion for a default under Federal Rule of Bankruptcy Procedure 7055(a) in the event Friedberg failed to defend the Discharge Action trial re-scheduled for June 19, 2013. (*See id.*) On June 17, 2013, the Trustee filed a separate Motion for Default for failure to defend ("Motion for Default", ECF No. 110). *See* Fed. R. Civ. P. 55(a), made applicable in bankruptcy by Fed. R. Bankr. P. 7055.

On June 17, 2013, Friedberg filed a third motion for a continuance, this time relying on a "To whom it may concern" letter from a Florida-based doctor. It stated that Friedberg had "been instructed not to drive and refrain from streneous [*sic*] activity . . ." (ECF No. 112 at 5.) On June 19, 2013, Friedberg did not appear either to prosecute his

motion for a continuance or participate in the trial. (*See* June 19, 2013 Audio File, ECF No. 116 (Attorney Ressler noting that Friedberg asked him to observe the proceedings but not represent Friedberg)). The Trustee objected to Friedberg's motion and then argued her Motion for Default. (*See id.*) On June 20, 2013, the Court denied Friedberg's motion for a continuance and granted the Trustee's Motion for Default ("Denial/Default Order"). (*See* ECF No. 117.) On June 28, 2013, Friedberg filed a notice of appeal of the Denial/Default Order. (*See* ECF No. 120.) He did not seek a stay pending appeal.[4]

On August 6, 2013, the Trustee filed the instant Default Judgment Motion. (*See* ECF No. 133.) Friedberg objected. (*See* ECF No. 141.) Initially scheduled for a August 27, 2013 hearing (*see* ECF No. 136), the Default Judgment Motion was re-scheduled twice before a third re-scheduling to October 8, 2013. Notably, the last continuance was permitted after Attorney Ressler assured the Court that Friedberg was "prepared to be here in the month of October".[5] (*See* Main Case, Audio File of Aug. 20,

---

[4] After filing an appeal, on August 29, 2013, Friedberg also filed a motion to have the Denial/Default Order vacated. (*See* ECF No. 140.) That motion was denied for his failure to prosecute it. (*See* ECF No. 170; *see also* Nov. 6, 2013 Hr'g Tr. ECF No. 181 at 4-6.)
  On November 15, 2013, the District Court granted the Trustee's motion to dismiss Friedberg's appeal of the Denial/Default Order, ruling it lacked jurisdiction over the matter since it was not a final order. *See Friedberg v. Neier, Trustee (In re Friedberg)*, Case No. 3:13-cv-1084 (DJS), slip op. (D. Conn. Nov. 15, 2013).

[5] On August 20, 2013, at hearings in the Main Case, Attorney Ressler made that representation. As a result, all open matters in the Main Case and in this adversary proceeding were continued to October 8, 2013, with the Court stating that all the continued matters would be heard at that time regardless whether or not Friedberg personally appeared. (*See* Main Case, Audio File of Aug. 20, 2013 Hr'g, ECF No. 1455.)

2013 Hr'g, ECF No. 1455.)  The October 8, 2013 hearing was further continued to

November 6, 2013, and then to November 20, 2013.[6], [7]

---

[6] As a consequence of the 2013 federal sequestration, Assistant U.S. Attorney Ann M. Nevins, on behalf of the Internal Revenue Service, did not appear at the October 8th hearing.  To ensure that the Government would have an opportunity to participate, all matters in the Main Case and this adversary proceeding were continued to November 6, 2013.  (*See* Main Case, Audio File of Oct. 8, 2013 Hr'g, ECF No. 1484.)

The November 6th hearing on the Trustee's Default Judgment Motion was continued to November 20, 2013 to provide the Trustee the opportunity to present evidence in support of her Default Judgment Motion.  *See* Fed. R. Bankr. P. 55(b)(2)(C).  (*See* Audio File of Nov. 6, 2013 Hr'g, ECF No. 166.)

[7] The Court notes that Friedberg repeated his pattern of requesting continuances of hearings as to the Trustee's Default Judgment Motion:

First Request:  Notwithstanding Attorney Ressler's assurances of Friedberg's October appearance in court, on September 27, 2013, Friedberg sought a continuance of all matters scheduled for October 8th, including the hearing on the Default Judgment Motion.  (*See* ECF No. 145.)  The basis for the requested continuance was a reiteration of the reasons previously raised by Friedberg when seeking a continuance of the trial and rejected by the Court, *to wit*: his move to Florida; his lack of funds; his refusal to fly because of the possibility of being in a "life threatening accident" which, in conjunction with no money to fund a life insurance policy, could leave his two young children and partner without financial means; and his poor health.  (*See id.*)  As with his prior continuance motions, Friedberg requested a 180-day continuance to first take discovery and then an open-ended continuance of the trial.  (*See id.*)  He supplemented his motion with copies of medical records dated June 25, 2013, a one-page screen-shot, entitled "Financial Information" regarding billing, a copy of a September 24, 2013 prescription, an appointment confirmation letter for an October 11, 2013 appointment, information regarding a dental CT Scan scheduled for October 7, 2013, and an e-mail confirming an oral surgery appointment for October 8, 2013.  (*See* Supplement, ECF No. 147.)  The Trustee initially objected for the same reasons she objected to Friedberg's prior continuance requests: the discovery bar date had long since passed and Friedberg's request was too open-ended.  (*See* ECF No. 148.)  She then raised a new basis for objecting:  that despite his repeated representations of serious illness, Friedberg was "actively pursuing business opportunities in Florida" and was "neither incapacitated nor in the state of declining health that he has portrayed himself to be." (*See id.* at 2; *see also id.*, Exh. A (news article discussing Friedberg's new business venture).)

At the October 8, 2013 hearing, Friedberg failed to appear, but Attorney Ressler appeared on his behalf to prosecute the motions for continuances in the Main Case and in this adversary proceeding.  The Court denied those motions, noting it was akin to a

---

fraud on the Court given Attorney Ressler's August 2013 representation that Friedberg would be in attendance at the October 8th hearings, and that the proffered medical documentation was unpersuasive.  However, as noted *supra*, note 6, all matters in the Main Case and the Discharge Action were, nonetheless continued to November 6, 2013 (*See* Main Case, Audio File, ECF No. 1484.)

Second Continuance: On October 23, 2013, Friedberg filed a motion to continue all matters scheduled for November 6, 2013 ("October 23rd Motion"), including the Default Judgment Motion.  (*See* ECF No. 159.)  In addition to attaching his prior motion to continue the October 8, 2013 hearings, Friedberg attached a second "To Whome [*sic*] It May Concern" letter, dated October 21, 2013, and stated that Friedberg was "unable to do any long distance traveling due to his neurological problem for the next 3-4 months."

This time the letter substituted a restriction from "strenuous activity" to a restriction on "long distance travel".  "Long distance" was not defined, but this Court is not persuaded that a flight of approximately three hours fits that criteria, and the letter does not support any such claim.  There was no specific diagnosis, only a generic reference to "neurological problems".  It is not even clear who was Friedberg's doctor because while the signature block on the October 21, 2013 letter referenced "William V. Kane MD", the signature was that of Matthew D. Hepler.  (*See id.* at 5; *cf. id.* at 33.) Moreover, a suspicion is warranted that, given Fiedberg's active engagement in business activities in Florida, *see supra*, which he has not denied, his "neurological problems" might affect him on a selective basis.

At the November 6th hearing, the Court denied the October 23rd Motion. However, it continued the hearing on the Default Judgment Motion to November 20, 2013.  *See supra*, note 6.  The Court also specifically provided notice to Friedberg, through Attorney Ressler, that no further continuance would be granted *unless Friedberg could present a new basis* upon which granting a continuance was warranted.  (*See* Nov. 6, 2013 Hr'g Tr. 12:16-23, ECF No. 181.)

Third Continuance:  On November 19, 2013, through Attorney Ressler, Friedberg filed a motion to continue the November 20th hearing ("November 19th Motion").  (*See* ECF No. 176.)  In support of that motion, Friedberg attached another "To whom it may concern" letter, dated November 19, 2013, and signed by Dr. Hepler.

On November 20, 2013, Friedberg did not appear, but Attorney Ressler did to prosecute the November 19th Motion, which he argued was based on new medical information.  (*See* Nov. 20, 2013 Hr'g Tr. 3:24-4:3, ECF No. 182.)  Attorney Ressler's argument is inexplicitly unavailing since Dr. Hepler's November 19th letter repeated *verbatim* the text of the October 21, 2013 letter that Friedberg submitted in support of his October 23rd Motion.  Reciting the history of "medical reports" filed by Friedberg, all of which the Court found inadequate (*see id.* at 7:18-13:6), the Court denied the November 19th Motion and continued with the hearing on the Default Judgment Motion. (*See id.* at 13:7.)

Friedberg did not appear for the November 20th hearing. The Trustee did and testified in support of her Default Judgment Motion. (*See id.* at 18:3-35:1) While Friedberg's attorney, Mr. Ressler, cross-examined the Trustee, he did not present any evidence. (*See id.* at 35:4-39:4, 39:8-11).

### III.  Discussion[8]

Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable in bankruptcy by Bankruptcy Rule 7055, provides in relevant part:

---

[8] Parenthetically, the Court addresses the effect of Judge Thompson's September 7, 2011 Remand Order of the First Conversion Order on the continuation of this Discharge Action. As noted, while the First Conversion Order was on appeal, there was no corresponding stay pending appeal. Therefore, during the period when the matter was on appeal, the Trustee administered Friedberg's estate as the chapter 7 trustee, including commencing this Discharge Action.

The Court directed the Trustee to file a memorandum "stating the relevant facts and applicable law that support her apparent claim that the Remand Order did not have the effect of dismissing [this adversary proceeding], but rather held it in abeyance, pending the Court's compliance with the Remand Order." (April 10, 2014 Scheduling Order, ECF No. 185.) Friedberg was directed to file a responsive memorandum. (*See id.* at 2.) (*See* Trustee's Brief in Accordance with Scheduling Order, ECF No. 187; Friedberg's Reply Brief, ECF No 189.)

As the Trustee persuasively argues, a debtor's discharge is subject to challenge for certain defined acts whether the case is administered under chapter 7 or chapter 11. *See* 11 U.S.C. §§ 727(c)(1), 1141(d)(2) and (3)(C); *see also* Trustee's Brief at 7-8 (ECF No. 187). Thus, the conversion of the case would have no effect on such a challenge. If Judge Thompson had intended to extinguish the Discharge Action, he would have reversed this Court's First Conversion Order. Instead he entered a remand order that directed this Court to give Friedberg an opportunity to be heard. *See* § 1109(b). The Remand Order did not foreclose the Trustee's right to challenge Friedberg's discharge if, on remand, this Court determined, after Friedberg was given an opportunity to be heard, that the case should be converted to chapter 7.

Therefore, the Remand Order had the effect of holding the Discharge Action in abeyance, and Friedberg's argument that the Trustee needed to file a new § 727 action when the case was reconverted is without merit. (*See* Friedberg's Reply Brief at 4 (ECF No. 189).) To conclude otherwise would elevate form over substance and allow a potentially bad actor to escape the consequences of his actions. That result is antithetical to the Bankruptcy Code and the public policy it serves. It is, thus, rejected.

> (2) **By the Court.** . . . [T]he party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  *The court may conduct hearings . . . to enter or effectuate judgment, it needs to*:
>
> * * *
>
> (C) *establish the truth of any allegation by evidence* . .
>
> * * *

Fed. R. Bankr. P. 7055(b)(2)(C) (emphasis added).

As noted, *supra* at 3, Friedberg initially appeared in this adversary proceeding and answered the Trustee's Complaint.  (*See* Answer, ECF No. 8.)  There is no dispute that this is a core proceeding over which the Court has jurisdiction and in which venue is proper.[9]  (*See* Complaint at ¶¶1-3; Answer at ¶¶1-3.)  The pleadings also establish that Friedberg is a self-employed real estate developer who is the 100% owner of various LLCs.  (*See* Complaint at ¶10; Answer at ¶10.)

The law in this Circuit holds that since § 727(a) imposes "an extreme penalty for wrongdoing," it "must be strictly construed against those who object to the debtor's discharge and liberally in favor of the bankrupt."  *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996) (internal quotation marks omitted; further citation omitted).  In her three-count complaint, the Trustee challenges Friedberg's discharge under §§ 727(a)(2), (3), and (4).  She needs only to successfully prove one of those counts by a fair preponderance of the evidence.  *See* Fed. R. Bankr. P. 4005; *see*

---

[9] The Court notes that the Discharge Action was served on Friedberg at his then Connecticut residence, and he has not challenged this Court's jurisdiction.  (*See* Answer generally and at 5 (signature block providing a Westport, Connecticut address).)  *See also generally City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133-34 (2d Cir. 2011).

*also Chemical Bank v. Hecht (In re Hecht)*, 237 B.R. 7, 9 (Bankr. D. Conn. 1999); *Pereira v. Young (In re Young)*, 346 B.R. 597, 606 (Bankr. E.D.N.Y. 2006) (citing *Grogan v. Garner*, 498 U.S. 279, 289-91 (1991).) As this Court has observed, "A discharge of dischargeable debts is not a right but rather a privilege accorded an honest debtor, who, among other things, satisfies bankruptcy statutory obligations." *Hecht*, 237 B.R. at 9. "If the objecting party sufficiently establishes its prima facie case, the burden shifts to the debtor to set forth credible evidence to rebut the prima facie case." *Katz v. Deedon (In re Deedon)*, 419 B.R. 1, 5 (Bankr. D. Conn. 2009). A prima facie case is made "once sufficient evidence is presented by the plaintiff to satisfy the burden of going forward with evidence." *In re Bodenstein*, 168 B.R. 23, 28 (Bankr. E.D.N.Y. 1994).

Section 727(a)(4)(D) provides that the court shall grant the debtor a discharge, unless—

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> * * *
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4)(D); *see also Pereira v. Gardner (In re Gardner)*, 384 B.R. 654, 668 (Bankr. S.D.N.Y. 2008). "Courts have interpreted this provision as imposing an affirmative duty on the [d]ebtor to cooperate with the trustee 'by providing all requested documents to the trustee for [her] review, and *failure to do so constitutes grounds for denial of discharge*.'" *Id.* (quoting *In re Erdheim*, 197 B.R. 23, 28 (Bankr. E.D.N.Y. 1996) (emphasis added)). This subsection requires a finding of intent, which can be

established with circumstantial evidence such as when a debtor's conduct is evasive or persistently uncooperative or a debtor fails to explain his noncompliance with an order directing him to produce documents. *See id.; see also In re Young*, 346 B.R. 597, 615-16 (collecting cases regarding circumstantial evidence supporting the requisite intent to act "knowingly and fraudulently").

Here, the Trustee credibly testified:

She was appointed as the chapter 11 trustee of the Friedberg estate on April 30, 2010. (*See* Nov. 20, 2013 Hr'g Tr. at 22:19-21, ECF No. 182.) On that date, she sent a letter requesting "books and records from [Friedberg] with respect to him personally, as well as over 30 LLCs in which he claimed an interest." (*Id.* at 22:24-23:12.) Friedberg failed to produce any of those documents. (*See id.* at 22:13-21.) The Trustee sent Friedberg a second letter requesting the documents, but again, Friedberg declined to respond (*See id.* at 24: 2:17.)

The Trustee attempted to secure possession of documents from an accountant and an attorney who had worked for Friedberg, utilizing Rule 2004 subpoenas, but with limited success, "receiv[ing] very minimal documentation with regard to some, but not all of the LLCs. And no records or books or records at all for several of them." (*Id.* 25:12-16.).

The Trustee served a first set of interrogatories and requests for production on Friedberg, to which he failed to provide any response or objections. (*See id.* at 25:24-26:7.) As a result, the Trustee moved to compel production of documents and records. (*See id.* at 26:8-10; *see also* ECF No. 42.) At an April 3, 2012 hearing on the motion to compel, the Court "ordered Mr. Friedberg to appear for a deposition to testify regarding

the missing books and records and/or to produce the same." (*Id.* at 26: 11-15; *see also* Apr. 3, 2010 Hr'g Tr. at 9:24-11:22, ECF No. 55.) In conjunction with the scheduled deposition, the Trustee served Friedberg with a subpoena identifying the financial and business documents she sought. (*See* Nov. 20, 2013 Hr'g Tr. at 26:16-22.) The deposition was conducted as scheduled, but Friedberg did not produce any of the identified documents. (*See id.* at 27:1-4; *see also id.* at 27:8-28:4 (regarding the absence of any records for at least six LLCs and scant production of records for the remaining ones); ECF No. 110 at 3, ¶7; ECF No. 110-4 at 7 (Apr. 25, 2012 Dep. Tr. 6:3-15).)

Friedberg failed to respond to the Trustee's inquires or to produce any documents or records regarding New York State tax liabilities assessed against him personally as a responsible person for many of his LLCs. (*See id.* at 28:5-25.) The Trustee further testified that Friedberg failed to disclose a bank account of one of his 100%-owned LLCs, over which he was the sole signatory and in which funds were deposited, despite his having valued that LLC as having zero value to the estate. (*See id.* at 29:6-30:2.)

Attorney Ressler's cross examination of the Trustee did not succeed in undermining her testimony that Friedberg was persistently uncooperative by failing and refusing to provide the "recorded information, including books, documents, records, and papers . . .", *see* §727(a)(4)(D), which she repeatedly requested. Thus, the Court finds that the Trustee has established a prima facie case on her Third Cause of Action, and


Friedberg did not offer any evidence to rebut the Trustee's case.[10]

## IV. Conclusion

Accordingly, IT IS ORDERED that the Trustee's Default Judgment Motion is granted.

Dated this 17th day of September, 2014 in Bridgeport, Connecticut.

BY: *Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

---

[10] Since the Trustee has met her prima facie burden of establishing her Third Cause of Action and Friedberg has not rebutted it, it is not necessary for the Court to address her First or Second Causes of Action (seeking denial of discharge under §§ 727(a)(2) and (a)(3), respectively).